USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                         :
:   17-CR-681 (VEC)
-against-                                       :
:   ORDER
ANTHONY BARI,                                    :
:
Defendant.          :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 19, 2023, Anthony Bari, acting through counsel, filed a Motion for Compassionate Release (the "Motion") pursuant to 18 U.S.C. § 3582(c), *see* Def. Mem., Dkt. 51[1];

WHEREAS on January 4, 2024, the Government provided Mr. Bari's Bureau of Prisons ("BOP") medical, disciplinary, institutions history, education, and work detail records, *see* Letter, Dkt. 53;

WHEREAS on January 12, 2024, the Government took no position on the Motion but informed the Court that the victim of Mr. Bari's offense opposes the Motion, *see* Gov't Mem., Dkt. 57;

WHEREAS Mr. Bari has exhausted his administrative remedies, *see* 18 U.S.C. § 3582(c)(1)(A); Mot. at 5; BOP Request, Dkt. 57-1; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, (ii) a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (iii) the release of the Defendant would pose a danger to the

---

[1] On January 10, 2024, the Court received a *pro se* letter from Mr. Bari in support of the Motion. *See* Letter, Dkt. 56.

community, *see United States v. Brooker*, 976 F.3d 228, 234–38 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157 (VEC), 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020); *United States v. Lisi*, No. 15-CR-457 (KPF), 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020);

IT IS HEREBY ORDERED that the Motion is GRANTED and Mr. Bari's term of incarceration is reduced to time served plus up to 21 days.

Extraordinary and compelling reasons warrant granting the Motion. The U.S. Sentencing Commission's policy statement regarding compassionate release states that "extraordinary and compelling reasons exist" when (i) "[t]he defendant is suffering from a terminal illness" such as "metastatic solid-tumor cancer[.]" The Court finds that extraordinary and compelling reasons exist because Mr. Bari has been diagnosed with Stage IV rectal cancer, which has metastasized to his lungs. *See* Def. Mem. at 2, 4–5; Med. R., Dkt. 53-6, at 12. Mr. Bari's medical prognosis is "poor"; he is projected to have fewer than 12 months to live. *See* Def. Mem. at 2; Gov't Mem. at 6; Med. R. at 12. Although Mr. Bari was recently diagnosed with cancer, he began experiencing ▓▓▓▓▓▓▓▓▓▓ in 2022. *See* Med. R. at 12, 76–77. He currently rates his pain on most days as 7 to 8 on a scale of 1 to 10. *See* Gov't Mem. at 6. He also suffers from ▓▓▓▓▓ posttraumatic stress disorder, and bipolar disorder. *See* Supp. Med. R., Dkt. 53-5, at 2–4, 38; Med. Rec. at 156; Def. Mem. at 3. Mr. Bari's terminal illness warrants his release. *See United States v. Ramirez*, No. 98-CR-438 (PGG) (SDA), 2021 WL 4150891, at *6 (S.D.N.Y. Sept. 13, 2021) (concluding that a defendant's "advanced" pancreatic and liver cancer constituted "extraordinary and compelling reasons" warranting compassionate release and collecting cases).

A sentence reduction is also consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Bari's offense — planting a fake bomb at a bank and attempting to rob another bank at apparent gunpoint — was undoubtedly very serious. *See* Def. Mem. at 2–3; Gov't Mem.

at 3–4; Indictment, Dkt. 6.  While committing the offense, Mr. Bari threatened and abducted a bank employee (the "Victim"), who suffered lasting physical injuries, as well as severe emotional trauma, as a result of Mr. Bari's criminal conduct.  *See* Gov't Mem. at 3–4, 6–7.  The Court deeply empathizes with the Victim, who cannot be made whole through any action by this Court.  If requiring Mr. Bari to die in custody would change the course of the Victim's life, the Court would order it.  But it will not.

Compassionate release recognizes that no criminal defendant is only the worst thing he has done in his life.  Compassionate release recognizes that some defendants, even those who have committed terrible crimes, should be allowed to die with dignity surrounded by loved ones.  Mr. Bari is such a defendant.  Unlike many defendants, Mr. Bari has the support of his wife, who has indicated that she is prepared to arrange palliative care for Mr. Bari in a rental home beginning on February 1, 2024.  *See* Letter, Dkt. 51 at 12.

Although Mr. Bari had a significant criminal history by the time he was sentenced, *see* Presentence Report, Dkt. 26, 8–17, and his disciplinary history while incarcerated is far from spotless, *see* Disciplinary History, Dkt. 53-1, his last infraction in prison was more than two years ago and nonviolent, *see id.* at 2.  Moreover, Mr. Bari has suffered from severe mental illness throughout his life, which likely had a negative impact on his ability to live a crime-free life.  *Cf.* Sentencing Tr., Dkt. 45, at 6:4-7; *United States v. Williams*, 09-CR-558 (CM), 2023 WL 4785286, at *10–11, 14 (S.D.N.Y. July 27, 2023) (granting compassionate release in part because of a defendant's "severe mental illness").  Given that Mr. Bari is now 62 years old and slated to undergo palliative chemotherapy, *see* Gov't Mem. at 5, his risk of reoffending is much lower than when he was sentenced, *see United States v. Rice*, No. 83-CR-150 (LGS), 2020 WL 4505813, at *4 (S.D.N.Y. Aug. 5, 2020) (granting compassionate release despite the defendant's conviction for "very serious crimes"; the defendant's "advanced age and serious health

problems" made him "significantly less likely to recidivate"). Finally, Mr. Bari has served more than six years — or 63% — of his sentence. *See* Def. Mem. at 4; Gov't Mem. at 5. Some of that time was served during the COVID-19 pandemic, the early months of which were particularly difficult times to be in prison. Mr. Bari has received significant punishment for his serious criminal conduct; releasing him will not undermine respect for the law, given his medical condition. *See United States v. Scparta*, 567 F. Supp. 3d 416, 418, 428 (S.D.N.Y. 2020) (granting compassionate release where the defendant had served "a little more than half" of his 18-month sentence).

For all of these reasons, the Motion is granted and Mr. Bari's term of incarceration is reduced to time served plus not more than 21 days.

BOP must release Mr. Bari upon proof that Mr. Bari has a suitable place to live or within 21 days of this Order, whichever comes first.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 51.

**SO ORDERED.**

Date:  **January 16, 2024**
       **New York, NY**

                                              **VALERIE CAPRONI**
                                       **United States District Judge**